| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware limited liability company, and BAYERISCHE MOTOREN WERKE AG, a German corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AUTOTEC IMPORT, a California Corporation; BLUE DREAMS AUTO, INC., a California Corporation; CHRIS CHENG, SR., aka Chao Chun Cheng, Sr. aka Chow Cheng Sr., an Individual; WEI MIN CHOU, an Individual; LAURA LE-GIA CHUNG, an Individual; MAGGIE CHEN FEI HSU, an Individual; JL CONCEPTS, INC., a California Corporation; KWAN YIN LEI, an Individual; BREWIN LUN LIU, an Individual; MOTION DEPO, INC., a California Corporation; MIKE SIU, an Individual; WAI KIN TANG, an Individual; MIN HAN TSAI aka Raymond Tsai, an Individual; YONGTAO WANG, an Individual; KEN SHAO XU, an Individual; KING TING YAU, an Individual; ZOKU RACING, a Business Entity of Unknown Status, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: EDCV13-823-JGB (SPx)<br><br>**PERMANENT INJUNCTION AGAINST DEFENDANT MIN HAN TSAI** |

The Court, pursuant to the Stipulation for Permanent Injunction ("Stipulation"), and separate Confidential Settlement Agreement between Plaintiffs BMW OF NORTH AMERICA, LLC ("BMW NA"), and BAYERISCHE MOTOREN WERKE AG ("BMW AG") (collectively "Plaintiffs"), and Defendant MIN HAN TSAI ("Defendant"), hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendant in the above-referenced matter as follows:

1. **PERMANENT INJUNCTION.** Defendant and any person or entity acting in concert with, or at the direction of Defendant, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which Defendant may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* §1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

   a. copying, manufacturing, importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of Plaintiffs' trademarks, including but not limited to, the trademarks with the United States Patent and Trademark Office Registration Numbers referenced in Exhibits "A" – "Q" of the Complaint filed by Plaintiffs' in this action, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiffs' trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

/ / /

/ / /

      b.    performing or allowing others employed by, under control of, or representing Defendant, or under his control, to perform any act or thing which is likely to injure Plaintiffs, any of Plaintiffs' trademarks, including but not limited to the trademarks with the United States Patent and Trademark Office Registration Numbers referenced in Exhibits "A" – "Q" of the Complaint filed by Plaintiffs' in this action.

      c.    engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, or other act which would tend damage or injure Plaintiffs; and/or

      d.    using any Internet domain name or website that includes any of Plaintiffs' trademarks including but not limited to the trademarks with the United States Patent and Trademark Office Registration Numbers referenced in Exhibits "A" – "Q" of the Complaint filed by Plaintiffs' in this action.

2.    Defendant is ordered to deliver immediately for destruction all allegedly unauthorized products, including counterfeit BMW® or M®-branded products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in his possession or under his control bearing any of Plaintiffs' intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same, to the extent that any of these items are in Defendant's possession.

3.    This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court, and the case shall be dismissed as to Defendant upon entry of this Permanent Injunction.

4.    The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant.

5. Defendant will be making an agreed-upon payment to Plaintiffs, as more particularly described in a separate Confidential Settlement Agreement.

6. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

7. **NO FEES AND COSTS.** Each party shall bear their own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED and DECREED this 14th day of August, 2013.

_____
The Honorable Jesus G. Bernal
United States District Court Judge