1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BMW OF NORTH AMERICA, LLC, a
Delaware limited liability company, and
BAYERISCHE MOTOREN WERKE
AG, a German corporation,

        Plaintiff,

        v.

AUTOTEC IMPORT, a California
Corporation; BLUE DREAMS AUTO,
INC., a California Corporation; CHRIS
CHENG, SR., aka Chao Chun Cheng, Sr.
aka Chow Cheng Sr., an Individual; WEI
MIN CHOU, an Individual; LAURA LE-
GIA CHUNG, an Individual; MAGGIE
CHEN FEI HSU, an Individual; JL
CONCEPTS, INC., a California
Corporation; KWAN YIN LEI, an

Case No.: EDCV13-823-JGB (SPx)

**PERMANENT INJUNCTION AND
DISMISSAL OF ACTION WITH
PREJUDICE AS TO ONLY
DEFENDANT MAGGIE CHEN FEI
HSU AND DEFENDANT
AUTOTEC IMPORTS**

Individual; BREWIN LUN LIU, an Individual; MOTION DEPO, INC., a California Corporation; MIKE SIU, an Individual; WAI KIN TANG, an Individual; MIN HAN TSAI aka Raymond Tsai, an Individual; YONGTAO WANG, an Individual; KEN SHAO XU, an Individual; KING TING YAU, an Individual; ZOKU RACING, a Business Entity of Unknown Status; KEN CHU, an Individual; ZHI ZHONG, an Individual; CHUNSING LEE, an Individual; and DOES 1-10, Inclusive,

Defendants.

The Court, pursuant to the Stipulation for Permanent Injunction ("Stipulation"), and separate Confidential Settlement Agreement between Plaintiffs BMW OF NORTH AMERICA, LLC ("BMW NA"), and BAYERISCHE MOTOREN WERKE AG ("BMW AG") (collectively "Plaintiffs"), and Defendant MAGGIE CHEN FEI HSU and Defendant AUTOTEC IMPORTS (collectively "Defendants"), hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendant in the above-referenced matter as follows:

1.   **PERMANENT INJUNCTION.**  Defendants and any person or entity acting in concert with, or at the direction of Defendants, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which Defendants may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* § 1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

a.   copying, manufacturing, importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that

uses, or otherwise making any use of, any of Plaintiffs' trademarks, including but not limited to, the trademarks with the United States Patent and Trademark Office Registration Numbers referenced in Exhibits "A" – "Q" of the Complaint filed by Plaintiffs' in this action, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiffs' trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

b.      performing or allowing others employed by, under control of, or representing Defendants, or under their control, to perform any act or thing which is likely to injure Plaintiffs, any of Plaintiffs' trademarks, including but not limited to the trademarks with the United States Patent and Trademark Office Registration Numbers referenced in Exhibits "A" – "Q" of the Complaint filed by Plaintiffs' in this action.

c.      engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, or other act which would tend damage or injure Plaintiffs; and/or

d.      using any Internet domain name or website that includes any of Plaintiffs' trademarks including but not limited to the trademarks with the United States Patent and Trademark Office Registration Numbers referenced in Exhibits "A" – "Q" of the Complaint filed by Plaintiffs' in this action.

2.      Defendants are ordered to deliver immediately for destruction all allegedly unauthorized products, including counterfeit BMW® or M®-branded products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of Plaintiffs' intellectual property or any simulation, reproduction, counterfeit, copy or

colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same, to the extent that any of these items are in Defendants' possession.

3.    This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court, and the case shall be dismissed as to Defendants upon entry of this Permanent Injunction.

4.    The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant.

5.    Defendants will be making an agreed-upon payment to Plaintiffs, as more particularly described in a separate Confidential Settlement Agreement.

6.    Upon entry of this Permanent Injunction as a final Order against Defendants, the case shall be dismissed as to Defendant MAGGIE CHEN FEI HSU and Defendant AUTOTEC IMPORTS only.

7.    **NO APPEALS AND CONTINUING JURISDICTION.**   No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal.   This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

8.    **NO FEES AND COSTS.**  Each party shall bear their own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED and DECREED this 14th day of May, 2014.

The Honorable Jesus G. Bernal
District Court Judge of the United States
District Court for the Central District of
California